GULOTTA, Judge,
concurring.
I concur.
Although I am not in agreement with the conclusion reached by the Civil Service Commission that cadets should not be given credit, I cannot say that the action by the Commission is unreasonable, arbitrary or capricious. The record does show a minimal degree of difference between a cadet on the one hand, and a recruit or patrolman on the other. A cadet was enlisted at the age of 18 years and was sent to a university for the purpose of pursuing a criminology degree. While at the university apparently, he was assigned to various departments for the purpose of gaining on the job training and experience. He was not permitted to carry a gun; he had no authority to make arrests; and, was assigned to these departments for in training educational purposes. *1282 Although he was paid less salary than a recruit or patrolman was paid, he did get a Bachelor of Arts degree in criminology.'
A recruit, on the other hand, was re* quired to be 20 years of age, did not pursue a university program in criminology, received a higher pay, attended the police academy, where after completing a training program, became a patrolman. The record is not clear as to whether or not he carried a firearm, however, it appears that after he completed the required firearm training he was permitted to carry a firearm (since he had attained the age of 20 years), although he had not become a patrolman.
Because of the minimal differences between a recruit and a cadet, I cannot say the action of the Civil Service Commission was arbitrary, capricious or unreasonable.